FILED
U.S. DISTRICT COURT
2007 AUG -6  D 2: 18
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| CHAD K. CALVERT, | : | Civil No. 2:06-CV-00299 TS |
| Plaintiff, | : | |
| vs. | : | ORDER AND MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO COMPEL AND DENYING DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS |
| SMITH'S FOOD & DRUG CENTERS, INC., | : | |
| Defendants. | | |
| | | JUDGE TED STEWART |
| | | MAGISTRATE JUDGE BROOKE C. WELLS |

Before the Court are two motions filed by Smith's. Defendant has filed a Motion to Compel and a Motion for Sanctions.[1] Pursuant to Rule 37(a)(2)(B)[2] a party may move for an order compelling an answer, or designation, or an order compelling inspection. For the reasons outlined below the Court GRANTS Defendant's Motion to Compel and DENIES Defendant's Motion for Sanctions without prejudice.

---

[1] *See* Def.'s Motion to Compel p.1, docket no. 29.

[2] *Fed. R. Civ. P.* 37.

A. **Defendant's Motion to Compel Plaintiff to Provide Discovery Responses and Documents**

Defendant filed a motion to compel on June 11, 2007.[3] Plaintiff filed an opposition to Defendant's motion on June 26, 2007, claiming Plaintiff's inability to communicate with his counsel was the sole reason for non-compliance with the discovery requests.[4] Defendant seeks an order compelling Plaintiff (1) to provide complete and supplemented responses to specific interrogatories; (2) to provide complete and supplemented responses to the requests for production of documents; (3) to sign and notarize his responses pursuant to Rule 33(b); and (4) to produce the documents which he agreed to provide during his deposition.[5]

Plaintiff initiated the filing of this action against Defendant and pursuant to the Federal Rules of Civil Procedure he has a duty to provide discovery and to prosecute his case.[6] Failing to prosecute a case can be grounds for sanctions, including the dismissal of a case.[7] Based on the record in this

---

[3] *Supra* note 1.

[4] *See* Docket no. 32 p. 4.

[5] *Id.* at p. 7.

[6] *Fed. R. Civ. P.* 26.

[7] *Reed v. Bennett*, 312 F. 2d 1190, 1195 (10 Cir. 2002). ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

2

case, Defendant has accommodated Plaintiff's employment and personal circumstances by agreeing to extend the time for Plaintiff to comply with the discovery requests.[8] But, despite Defendant's efforts and patience in conducting discovery, Plaintiff has failed to respond fully to Defendant's requests. This includes Plaintiff's failures to provide complete and supplemental responses and documents, which he promised to submit during his deposition on April 10, 2007.[9]

Based on Local Rule 7-1(d) and for good cause shown, Defendant's Motion to Compel is GRANTED. Plaintiff is ORDERED to submit to Defendant the additional missing discovery within 21 days from the date of this order. Although the fact and expert discovery deadlines have passed, Plaintiff is still under duty to provide the requested discovery in a timely fashion.[10] Failure to comply with the Court's order may result in the imposition of sanctions, which will include attorney's fees and costs for Defendants in bringing the instant motion. Continued delinquencies by Plaintiff beyond the deadline by which Plaintiff must provide complete responses to Defendant's discovery requests may also result in the dismissal of Plaintiff's case. The Court further orders Plaintiff to provide the Court within 21 days from

---

[8] *Supra* note 1 at p. 2.

[9] *Id.* at p. 6 ¶¶15, 16.

[10] *See* docket no. 11. (Fact discovery was due May 1, 2007 and Expert discovery was due July 1, 2007.)

3

the date of this order an affidavit outlining Plaintiff's efforts in complying with Defendant's discovery requests.

## B. Defendant's Motion to Impose Sanctions on Plaintiff

Defendant also filed a Motion to Impose Sanctions on June 11, 2007.[11] Specifically, Defendant seeks the imposition of sanctions on Plaintiff for not cooperating with the discovery process.[12] Based on the record before the Court, it appears Plaintiff failed to comply with Federal Rule 37(a) and Local Rule 37-1 by not cooperating with Defendant.[13] Such serious failures can be grounds for sanctions including the dismissal of the case.[14] An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond.[15] Here, Plaintiff submitted partial responses,[16] including interrogatory responses which were not signed and notarized by Plaintiff as required by Rule 33(b)(1) and (b)(2).[17] Plaintiff

---

[11] *Supra* note 1.

[12] *Id.*

[13] *Fed. R. Civ. P.* 37(a) (2) (a) ("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and *for appropriate sanctions*. The motion must include a certification that the movant has in *good faith* conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.") (Emphasis added).

[14] *Supra* note 7.

[15] *Supra* note 13 at (a) (3).

[16] *Supra* note 1 at p. 2.

[17] *Id.* at p. 5. *See Fed. R. Civ. P.* 33 (b) (1) ("Each interrogatory shall be answered separately and fully under oath, unless it is objected to...") Also *Fed. R. Civ. P.* 33 (b)(2) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them.").

also failed to provide certain documents, which he promised to submit during his deposition on April 10, 2007.[18]

But, due to the issues surrounding the recent withdrawal of Plaintiff's counsel[19] the Court gives Plaintiff an additional opportunity to demonstrate good faith in cooperating with Defendant's discovery requests before imposing sanctions. Accordingly, Defendant's Motion for Sanctions is DENIED without prejudice.

Dated this 6 day of Aug 2007.

BY THE COURT

Brooke C. Wells
United States Magistrate Judge

---

[18]*Id.* at p. 3.

[19]Docket no. 36. *See also* Docket no. 39 (notice of appearance by a new counsel).